**E-FILED**
Wednesday, 26 September, 2007  12:37:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRAVIS W. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FRANK L. SHAW, ROGER E. WALKER, | ) | |
| JR, BARBARA HURT, RICHARD BARD, | ) | |
| LAURA NORTON and PAUL CAMPBELL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Travis W. Moore, and for his causes of action against the

Defendants, Frank L. Shaw, Roger E. Walker, Jr, Barbara Hurt, Richard Bard, Laura Norton, and

Paul Campbell, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States

Code, Section 1331 and 1337, together with Title 42, United States Code, Sections 1983 and

1988.  This is a civil action arising under the laws of the United States.  Specifically, this is an

action brought in furtherance of a certain Act of Congress which guarantees to citizens of the

United States protections against the acts of public officers which infringe upon their rights

under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue

of Title 28, United States Code, Section 1391 (b) since the Defendants engaged in their official

activities within the judicial district of this Court and the claims giving rise to the above

captioned proceeding did occur within the judicial district of this Court.

<u>PARTIES</u>

1.  That at all times relevant to this proceeding the Plaintiff, Travis Moore, was an adult resident of Knox County, Illinois and was employed by the Illinois Department of Corrections ["Department"] as a Correctional Officer at Henry Hill Correctional Center in Galesburg, Illinois ["Hill Correctional Center"].

2.  That at all times relevant to this proceeding the Defendant, Frank L. Shaw, was employed by the Department as the Warden at Hill Correctional Center.  In his position he approved the employment decision which is the subject of this case.  He is named in this proceeding both in his individual and, for the purpose of implementing equitable relief, his official capacities.

3.  That at all times relevant to this proceeding the Defendant, Roger E. Walker, Jr., was employed by the Department as its Director.  In that position he made the employment decision which is the subject of this case.  He is named in this proceeding in both his individual and, for purposes of implementing equitable relief, his official capacities.

4.  That at all times relevant to this proceeding the Defendant, Barbara Hurt, was employed by the Department as one of its Deputy Directors.  In that position, based upon information and belief, she approved the employment decision which is the subject of this case.  She is named in this proceeding in both her individual and, for purposes of implementing equitable relief, her official capacities.

5.  That at all times relevant to this proceeding the Defendant, Richard Bard, was employed by the Department as its Chief of Labor Relations.  In that position, based upon information and belief, he recommended or approved the employment decision which is the

subject of this case.  He is named in this proceeding in both his individual and, for purposes of implementing equitable relief, his official capacities.

6.   That at all times relevant to this proceeding the Defendant, Laura Norton, was employed by the Department as its Chief of Personnel.  In that position, based upon information and belief, she recommended or approved the employment decision which is the subject of this case.  She is named in this proceeding in both her individual and, for purposes of implementing equitable relief, her official capacities.

7.   That at all times relevant to this proceeding the Defendant, Paul Campbell, was employed as Director of the Illinois Office Department of Central Management Services ["CMS"].  In that position he approved the employment decision which is the subject of this case.  He is named in this proceeding in both his individual and, for purposes of implementing equitable relief, his official capacities.

## ALLEGATIONS COMMON TO ALL COUNTS

8.   That in the year 2004 the Plaintiff, Travis Moore, was employed by the Department as a correctional officer at Hill Correctional Center.  In 2004 he competed for vacant Sergeant positions which the Department was filling at that facility.  He achieved the second highest score in the promotional examination given in connection with filling those positions.

9.   That in March of 2004, as a result of the score he achieved on the promotional examination, the Plaintiff, Travis Moore, was promoted to the rank of Sergeant.  Because he scored over 10 points higher on the promotional examination than more senior correctional officers, he was appointed to one of the sergeant positions over candidates who had more seniority than he.

10.  That at all times pertinent to this proceeding, the Sergeant position held by the Plaintiff, Travis Moore, was a position covered by the merit principles of the "Personnel Code" [20 ILCS 415/1 et.al.] ["Act"] as well as the Personnel Rules adopted by CMS.

11.  That in July 2004, Plaintiff, Travis Moore, completed his probationary period as Sergeant and was certified in that position pursuant to both the terms of the Act and the applicable Personnel Rules of CMS.

12.  That by virtue of both the Act and the Personnel Rules referred to in the preceding paragraph, the Plaintiff, Travis Moore, could not be demoted from his position of employment as a sergeant for the Department absent good cause.  Accordingly, he possessed a property interest in both his employment with the Department and in his entitlement to the position of Sergeant at Hill Correctional Center.

13.  That because of the property interest held by the Plaintiff, Travis Moore, in both his employment with the Department and in his position of Sergeant, he could not be deprived of his property interest in that position without being provided with both:  a) a hearing that would afford him with an opportunity to be made aware of the reasons for his proposed demotion and a reasonable opportunity to respond to that proposed deprivation before any decision was made; and b) an opportunity for a prompt hearing following the demotion to determine its propriety.

14.  That following the promotion of the Plaintiff, Travis Moore, to the rank of sergeant, a grievance was filed challenging his promotion by the local union affiliated with the American Federation of State County and Municipal Employee ["AFSCME"], the collective bargaining representative of both sergeants and correctional officers at the Hill Correctional Center.  The grievance was eventually submitted to binding arbitration and a hearing was held before an

arbitrator on June 1, 2, and 9, 2005.

15.  That at no time during the grievance proceeding was the Plaintiff, Travis Moore,:  a) named as a party to the grievance; b) called as a witness in the arbitration; c) provided opportunity to participate in the grievance proceeding; or d) given notice of the arbitration hearing and an opportunity to participate in that hearing.

16.  That on August 16, 2005 a decision was rendered in the arbitration proceeding by the Arbitrator.  In his decision, the Arbitrator reduced the promotional examination score achieved by the Plaintiff, Travis Moore, by two points.  He concluded that the Plaintiff, Travis Moore, had an undocumented experience in one scoring category.

17.  That the reduction of the score of the Plaintiff, Travis Moore, by two points brought his score to within ten points of the score of the next highest applicant who was more senior than he.

18.  That by virtue of a pre-existing agreement between AFSCME and the Department, this change in score means that the second highest scoring candidate who was senior to the Plaintiff, Travis Moore, should receive the Sergeant position since there was less than a ten point difference in the score between the Plaintiff, Travis Moore, and the more senior applicant.

19.  That at no time during the arbitration did the Plaintiff, Travis Moore, have an opportunity to address or present evidence concerning the matter which caused the Arbitrator to reduce his examination score.  Furthermore, no evidence was presented which would have explained why the Plaintiff, Travis Moore, was scored as he was on the competitive examination.  Had such evidence been presented, the Arbitrator would not have reduced the score achieved by the Plaintiff, Travis Moore.

20.  That as a result of the arbitration, an individual more senior than the Plaintiff, Travis Moore, who scored lower on the examination was awarded a sergeant position at the Hill Correctional Center.

21.  That on information and belief, the Department in the past has not demoted an individual awarded and certified into a position as the result of a competitive process even when a grievance challenged the award of that position to the individual was sustained.

22.  That subsequent to November 15, 2005, the Plaintiff, Travis Moore, received notice that he was demoted from the rank of sergeant to the rank of correctional officer and his demotion was non-appealable.

23.  That the Department's decision to demote the Plaintiff, Travis Moore, from Correctional Sergeant to Correctional Officer resulted in an approximate reduction in his salary of five hundred dollars a month.

24.  That at no time prior to demoting the Plaintiff, Travis Moore,  from his position of employment from Sergeant to Correctional Officer with the Department was he provided any type of a pre-deprivation hearing.

25.  That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendants failed to provide him with a prompt hearing to challenge the propriety of his demotion.

## <u>COUNT I</u>

For his cause of action against the Defendant, Frank L. Shaw, the Plaintiff, Travis Moore, states as follows:

1-25.  For paragraphs 1 through 25 of Count I the Plaintiff, Travis Moore, incorporates paragraphs 1 through 25 from above.

26. That at all times relevant to this proceeding the Defendant, Frank L. Shaw, was the Warden of Hill Correctional Center. Among other things he was responsible for making decisions pertaining to personnel matters including decisions relating to the demotion of employees working at the Hill Correctional Center.

27. That at all times relevant to the issues raised in this proceeding, the Defendant, Frank L. Shaw, was acting in furtherance of his duties as Warden of the Hill Correctional Center and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

28. That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, Travis Moore, with the Department were covered by both the Act and the Personnel Rules.

29. That by virtue of both the Act and the Personnel Rules referred to above the Plaintiff, Travis Moore, could not be demoted from his position with the Department absent good cause. Accordingly, he possessed a property interest in his employment with it.

30. That by virtue of the property interest held by the Plaintiff, Travis Moore, in his employment with it, the Department, prior to effecting any demotion of the Plaintiff, Travis Moore, was required to provide him with: a) a pre-deprivation hearing that would afford him with both an opportunity to be made aware of the reasons his demotion was contemplated and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning his demotion was made; and b) an opportunity for a prompt hearing subsequent to his demotion to consider its merits.

31. That on or about November 15, 2005 the Defendant, Frank L. Shaw, participated in

the decision to demote the Plaintiff, Travis Moore, from his position as a sergeant at the Hill Correctional Center.

32.  That at no time prior to effecting the demotion on the Plaintiff, Travis Moore, did the Defendant, Frank L. Shaw, provide him with any pre-deprivation hearing.

33.  That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendant, Frank L. Shaw, failed to provide him with a prompt hearing to consider the propriety of his demotion.

34.  That because of the foregoing the Defendant, Frank L. Shaw, effectively demoted the Plaintiff, Travis Moore, from his position of employment as a correctional sergeant with the Department without affording him any opportunity either before or after that deprivation to challenge its propriety.  In so doing the Defendant, Frank L. Shaw, deprived the Plaintiff, Travis Moore, of a property interest without due process of law contrary to rights afforded him under the Fourteenth Amendment to the Constitution of the United States.

35.  That following his demotion the Plaintiff, Travis Moore, requested that his collective bargaining representative, AFSCME, file and pursue a grievance on his behalf challenging his demotion.  Notwithstanding that request, AFSCME refused to file and pursue such a grievance on his behalf.

36.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Travis Moore, sustained the loss of certain economic benefits derived through his position of employment with the Department.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

**COUNT II**

For his cause of action against the Defendant, Roger Walker, Jr., the Plaintiff, Travis Moore, states as follows:

1-25.  For paragraphs 1 through 25 of Count II the Plaintiff, Travis Moore, incorporates paragraphs 1 through 25 from above.

26.  That at all times relevant to this proceeding the Defendant, Roger Walker, Jr., was the Director of the Department.  Among other things he was responsible for making decisions pertaining to personnel matters including decisions relating to the demotion of employees working at the Hill Correctional Center.

27.  That at all times relevant to the issues raised in this proceeding, the Defendant, Roger Walker, Jr., was acting in furtherance of his duties as Director of the Department and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

28.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, Travis Moore, with the Department were covered by both the Act and the Personnel Rules.

29.  That by virtue of both the Act and the Personnel Rules referred to above the Plaintiff, Travis Moore, could not be demoted from his position with the Department absent good cause. Accordingly, he possessed a property interest in his employment with it.

30. That by virtue of the property interest held by the Plaintiff, Travis Moore, in his employment with it, the Department, prior to effecting any demotion of the Plaintiff, Travis Moore, was required to provide him with:  a) a pre-deprivation hearing that would afford him with both an opportunity to be made aware of the reasons his demotion was contemplated and a

reasonable and meaningful opportunity to respond to those reasons before any decision concerning his demotion was made; and b) an opportunity for a prompt hearing subsequent to his demotion to consider its merits.

31.  That on or about November 15, 2005 the Defendant, Roger Walker, Jr., made the decision to demote the Plaintiff, Travis Moore, from his position as a sergeant at the Hill Correctional Center.

32.  That at no time prior to effecting the demotion on the Plaintiff, Travis Moore, did the Defendant, Roger Walker, Jr., provide him with any pre-deprivation hearing.

33.  That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendant, Roger Walker, Jr., failed to provide him with a prompt hearing to consider the propriety of his demotion.

34.  That because of the foregoing the Defendant, Roger Walker, Jr., effectively demoted the Plaintiff, Travis Moore, from his position of employment as a correctional sergeant with the Department without affording him any opportunity either before or after that deprivation to challenge its propriety.  In so doing the Defendant, Roger Walker, Jr., deprived the Plaintiff, Travis Moore, of a property interest without due process of law contrary to rights afforded him under the Fourteenth Amendment to the Constitution of the United States.

35.  That following his demotion the Plaintiff, Travis Moore, requested that his collective bargaining representative, AFSCME, file and pursue a grievance on his behalf challenging his demotion.  Notwithstanding that request, AFSCME refused to file and pursue such a grievance on his behalf.

36.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Travis

Moore, sustained the loss of certain economic benefits derived through his position of employment with the Department. Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

## COUNT III

For his cause of action against the Defendant, Barbara Hurt, the Plaintiff, Travis Moore, states as follows:

1-25. For paragraphs 1 through 25 of Count III the Plaintiff, Travis Moore, incorporates paragraphs 1 through 25 from above.

26. That at all times relevant to this proceeding the Defendant, Barbara Hurt, was a Deputy Director of the Department. Among other things she was responsible for making decisions pertaining to personnel matters including decisions relating to the demotion of employees working at the Hill Correctional Center.

27. That at all times relevant to the issues raised in this proceeding, the Defendant, Barbara Hurt, was acting in furtherance of her duties as a Deputy Director of the Department and the actions complained of in this count were undertaken by her under the color of law pursuant to her authority in that position.

28. That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, Travis Moore, with the Department were covered by both the Act and the Personnel Rules.

29. That by virtue of both the Act and the Personnel Rules referred to above the Plaintiff, Travis Moore, could not be demoted from his position with the Department absent good cause.

Accordingly, he possessed a property interest in his employment with it.

30.  That by virtue of the property interest held by the Plaintiff, Travis Moore, in his employment with it, the Department, prior to effecting any demotion of the Plaintiff, Travis Moore, was required to provide him with:  a) a pre-deprivation hearing that would afford him with both an opportunity to be made aware of the reasons his demotion was contemplated and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning his demotion was made; and b) an opportunity for a prompt hearing subsequent to his demotion to consider its merits.

31.  That on or about November 15, 2005 the Defendant, Barbara Hurt, participated in the decision to demote the Plaintiff, Travis Moore, from his position as a sergeant at the Hill Correctional Center.

32.  That at no time prior to effecting the demotion on the Plaintiff, Travis Moore, did the Defendant, Barbara Hurt, provide him with any pre-deprivation hearing.

33.  That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendant, Barbara Hurt, failed to provide him with a prompt hearing to consider the propriety of his demotion.

34.  That because of the foregoing the Defendant, Barbara Hurt, was involved in the demotion of the Plaintiff, Travis Moore, from his position of employment as a correctional sergeant with the Department without affording him any opportunity either before or after that deprivation to challenge its propriety.  In so doing the Defendant, Barbara Hurt, deprived the Plaintiff, Travis Moore, of a property interest without due process of law contrary to rights afforded him under the Fourteenth Amendment to the Constitution of the United States.

35.  That following his demotion the Plaintiff, Travis Moore, requested that his collective bargaining representative, AFSCME, file and pursue a grievance on his behalf challenging his demotion.  Notwithstanding that request, AFSCME refused to file and pursue such a grievance on his behalf.

36.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Travis Moore, sustained the loss of certain economic benefits derived through his position of employment with the Department.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

## COUNT IV

For his cause of action against the Defendant, Richard Bard, the Plaintiff, Travis Moore, states as follows:

1-25.  For paragraphs 1 through 25 of Count IV the Plaintiff, Travis Moore, incorporates paragraphs 1 through 25 from above.

26.  That at all times relevant to this proceeding the Defendant, Richard Bard, was the Chief of Labor Relations for the Department.  Among other things he was responsible for making decisions pertaining to personnel matters including decisions relating to the demotion of employees working at the Hill Correctional Center.

27.  That at all times relevant to the issues raised in this proceeding, the Defendant, Richard Bard, was acting in furtherance of his duties as Chief of Labor Relations for the Department and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

28.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, Travis Moore, with the Department were covered by both the Act and the Personnel Rules.

29.  That by virtue of both the Act and the Personnel Rules referred to above the Plaintiff, Travis Moore, could not be demoted from his position with the Department absent good cause. Accordingly, he possessed a property interest in his employment with it.

30.  That by virtue of the property interest held by the Plaintiff, Travis Moore, in his employment with it, the Department, prior to effecting any demotion of the Plaintiff, Travis Moore, was required to provide him with:  a) a pre-deprivation hearing that would afford him with both an opportunity to be made aware of the reasons his demotion was contemplated and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning his demotion was made; and b) an opportunity for a prompt hearing subsequent to his demotion to consider its merits.

31.  That on or about November 15, 2005 the Defendant, Richard Bard, participated in the decision to demote the Plaintiff, Travis Moore, from his position as a sergeant at the Hill Correctional Center.

32.  That at no time prior to effecting the demotion on the Plaintiff, Travis Moore, did the Defendant, Richard Bard, provide him with any pre-deprivation hearing.

33.  That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendant, Richard Bard, failed to provide him with a prompt hearing to consider the propriety of his demotion.

34.  That because of the foregoing the Defendant, Richard Bard, participated in demoting

the Plaintiff, Travis Moore, from his position of employment as a correctional sergeant with the Department without affording him any opportunity either before or after that deprivation to challenge its propriety. In so doing the Defendant, Richard Bard, deprived the Plaintiff, Travis Moore, of a property interest without due process of law contrary to rights afforded him under the Fourteenth Amendment to the Constitution of the United States.

35. That following his demotion the Plaintiff, Travis Moore, requested that his collective bargaining representative, AFSCME, file and pursue a grievance on his behalf challenging his demotion. Notwithstanding that request, AFSCME refused to file and pursue such a grievance on his behalf.

36. That as a direct and proximate result of the foregoing conduct the Plaintiff, Travis Moore, sustained the loss of certain economic benefits derived through his position of employment with the Department. Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

## COUNT V

For his cause of action against the Defendant, Laura Norton, the Plaintiff, Travis Moore, states as follows:

1-25. For paragraphs 1 through 25 of Count V the Plaintiff, Travis Moore, incorporates paragraphs 1 through 25 from above.

26. That at all times relevant to this proceeding the Defendant, Laura Norton, was the Chief Personnel Officer at the Department. Among other things she was responsible for making decisions pertaining to personnel matters including decisions relating to the demotion of

employees working at the Hill Correctional Center.

27.  That at all times relevant to the issues raised in this proceeding, the Defendant, Laura Norton, was acting in furtherance of her duties as Chief Personnel Officer at the Department and the actions complained of in this count were undertaken by her under the color of law pursuant to her authority in that position.

28.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, Travis Moore, with the Department were covered by both the Act and the Personnel Rules.

29.  That by virtue of both the Act and the Personnel Rules referred to above the Plaintiff, Travis Moore, could not be demoted from his position with the Department absent good cause. Accordingly, he possessed a property interest in his employment with it.

30.  That by virtue of the property interest held by the Plaintiff, Travis Moore, in his employment with it, the Department, prior to effecting any demotion of the Plaintiff, Travis Moore, was required to provide him with:  a) a pre-deprivation hearing that would afford him with both an opportunity to be made aware of the reasons his demotion was contemplated and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning his demotion was made; and b) an opportunity for a prompt hearing subsequent to his demotion to consider its merits.

31.  That on or about November 15, 2005 the Defendant, Laura Norton, participated in the decision to demote the Plaintiff, Travis Moore, from his position as a sergeant at the Hill Correctional Center.

32.  That at no time prior to effecting the demotion on the Plaintiff, Travis Moore, did the

Defendant, Laura Norton, provide him with any pre-deprivation hearing.

33.   That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendant, Laura Norton, failed to provide him with a prompt hearing to consider the propriety of his demotion.

34.   That because of the foregoing the Defendant, Laura Norton, participated in demoting the Plaintiff, Travis Moore, from his position of employment as a correctional sergeant with the Department without affording him any opportunity either before or after that deprivation to challenge its propriety.   In so doing the Defendant, Laura Norton, deprived the Plaintiff, Travis Moore, of a property interest without due process of law contrary to rights afforded him under the Fourteenth Amendment to the Constitution of the United States.

35.   That following his demotion the Plaintiff, Travis Moore, requested that his collective bargaining representative, AFSCME, file and pursue a grievance on his behalf challenging his demotion.   Notwithstanding that request, AFSCME refused to file and pursue such a grievance on his behalf.

36.   That as a direct and proximate result of the foregoing conduct the Plaintiff, Travis Moore, sustained the loss of certain economic benefits derived through his position of employment with the Department.   Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

## **COUNT VI**

For his cause of action against the Defendant, Paul Campbell, the Plaintiff, Travis Moore, states as follows:

1-25.   For paragraphs 1 through 25 of Count VI the Plaintiff, Travis Moore, incorporates

paragraphs 1 through 25 from above.

26.  That at all times relevant to this proceeding the Defendant, Paul Campbell, was the Director of CMS.  Among other things he was responsible for making decisions pertaining to personnel matters including decisions relating to the demotion of employees covered by the "Personnel Code" working at the Hill Correctional Center.

27.  That at all times relevant to the issues raised in this proceeding, the Defendant, Paul Campbell, was acting in furtherance of his duties as Director of CMS and the actions complained of in this count were undertaken by him under the color of law pursuant to his authority in that position.

28.  That at all times relevant to this proceeding the terms and conditions of the employment of the Plaintiff, Travis Moore, with the Department were covered by both the Act and the Personnel Rules.

29.  That by virtue of both the Act and the Personnel Rules referred to above the Plaintiff, Travis Moore, could not be demoted from his position with the Department absent good cause. Accordingly, he possessed a property interest in his employment with it.

30.  That by virtue of the property interest held by the Plaintiff, Travis Moore, in his employment with it, the Department, prior to effecting any demotion of the Plaintiff, Travis Moore, was required to provide him with:  a) a pre-deprivation hearing that would afford him with both an opportunity to be made aware of the reasons his demotion was contemplated and a reasonable and meaningful opportunity to respond to those reasons before any decision concerning his demotion was made; and b) an opportunity for a prompt hearing subsequent to his demotion to consider its merits.

31.  That on or about November 15, 2005 the Defendant, Paul Campbell, approved the decision of the Department to demote the Plaintiff, Travis Moore, from his position as a sergeant at the Hill Correctional Center.

32.  That at no time prior to approving the demotion of the Plaintiff, Travis Moore, did the Defendant, Paul Campbell, assure that he was provided with a pre-deprivation hearing.

33.  That subsequent to the demotion of the Plaintiff, Travis Moore, the Defendant, Paul Campbell, failed to provide him with a prompt hearing to consider the propriety of his demotion.

34.  That because of the foregoing the Defendant, Paul Campbell, demoted the Plaintiff, Travis Moore, from his position of employment as a correctional sergeant with the Department without affording him any opportunity either before or after that deprivation to challenge its propriety.  In so doing the Defendant, Paul Campbell, deprived the Plaintiff, Travis Moore, of a property interest without due process of law contrary to rights afforded him under the Fourteenth Amendment to the Constitution of the United States.

35.  That following his demotion the Plaintiff, Travis Moore, requested that his collective bargaining representative, AFSCME, file and pursue a grievance on his behalf challenging his demotion.  Notwithstanding that request, AFSCME refused to file and pursue such a grievance on his behalf.

36.  That as a direct and proximate result of the foregoing conduct the Plaintiff, Travis Moore, sustained the loss of certain economic benefits derived through his position of employment with the Department.  Additionally, he has suffered emotional pain and anguish, damage to his reputation, embarrassment and humiliation, inconvenience and the loss of enjoyment of life.

WHEREFORE, the Plaintiff, Travis Moore, respectfully requests that this Court enter judgment in his favor and against each of the Defendants and provide the following relief:

A.  Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. Sec. 1983 and 1988 and issue a mandatory injunction against the Defendants to refrain from engaging in any action with respect to the Plaintiff, Travis Moore, which are prohibited under the terms of the foregoing laws;

B.  Issue a mandatory injunction directing the Defendants to reinstate the Plaintiff, Travis Moore, to the position of Sergeant with the Department with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

C.  Award the Plaintiff, Travis Moore, damages sufficient to compensate him for any economic losses suffered as a result of the conduct as alleged in this Complaint;

D.  Assess against the Defendants the costs and expenses incurred by the Plaintiff, Travis Moore, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause;

E.  Assess against the Defendants and in favor of the Plaintiff, Travis Moore, such compensatory and exemplary damages as may be permitted by law; and

F.  Provide such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, TRAVIS MOORE, RESPECTFULLY REQUESTS THAT ALL ISSUED RAISED IN THIS PROCEEDING WHICH MAY BY LAW BE TRIED BEFORE A JURY BE TRIED BY A JURY.

TRAVIS MOORE, Plaintiff

BY: ___ s/ James P. Baker _____
   James P. Baker
   Bar Number: 0097802
   Baker, Baker & Krajewski, LLC
   415 South Seventh Street
   Springfield, Illinois 62701
   Telephone: (217) 522-3445
   Facsimile: (217) 522-8234
   E-mail: brendabakerlaw@sbcglobal.net
   (Complaints/mooretravis 092507)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRAVIS W. MOORE

**DEFENDANTS**
FRANK L. SHAW, ROGER E. WALKER, JR., BARBARA HURT, RICHARD BARD, LAURA NORTON and PAUL CAMPBELL

**(b)** County of Residence of First    KNOX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James P. Baker
Baker, Baker & Krajewski LLC
415 South Seventh Street
Springfield, Illinois 62701
(217) 522-3445

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

x 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | X 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENAL | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | X 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

x 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND over $10,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

9/26/07

FOR OFFICE USE ONLY