E-FILED
Wednesday, 16 July, 2008  04:11:31 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| TRAVIS W. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  07-1253 |
| | ) | |
| FRANK L. SHAW, ROGER E. WALKER, JR., | ) | |
| BARBARA HURT, RICHARD BARD, | ) | |
| LAURA NORTON and PAUL CAMPBELL | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER

NOW COME Defendants, FRANK L. SHAW, ROGER E. WALKER, JR., BARBARA HURT, RICHARD BARD, LAURA NORTON, and PAUL CAMPBELL, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Answer, state as follows:

### PARTIES

_____1.    Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.    Defendants admit that Frank L. Shaw was employed by the Department as Warden of Hill Correctional Center.  Defendants deny that Shaw made any decision with regard to Plaintiff's employment, but rather, was complying with the Arbitrator's binding arbitration award which found that Plaintiff had been improperly awarded the sergeant position and that the position had to be awarded to more senior correctional

officers.  Defendants further state that capacity in which the Defendants are being sued are statements of law to which no response is required.

3.      Defendants admit that Roger E. Walker, Jr. Was employed by the Department as a Director.  Defendants deny that Walker made any decision with regard to Plaintiff's employment, but rather, was complying with the Arbitrator's binding arbitration award which found that Plaintiff had been improperly awarded the sergeant position and that the position had to be awarded to more senior correctional officers. Defendants further state that capacity in which the Defendants are being sued are statements of law to which no response is required.

4.      Defendants admit that Barbara Hurt was employed by the Department as one of its Deputy Directors.  Defendants deny that Hurt made any decision with regard to Plaintiff's employment, but rather, was complying with the Arbitrator's binding arbitration award which found that Plaintiff had been improperly awarded the sergeant position and that the position had to be awarded to more senior correctional officers. Defendants further state that capacity in which the Defendants are being sued are statements of law to which no response is required.

5.      Defendants admit that Richard Bard was employed by the Department as its Chief of Labor Relations.  Defendants deny that Bard made any decision with regard to Plaintiff's employment, but rather, was complying with the Arbitrator's binding arbitration award which found that Plaintiff had been improperly awarded the sergeant position and that the position had to be awarded to more senior correctional officers. Defendants further state that capacity in which the Defendants are being sued are statements of law to which no response is required.

-2-

6.      Defendants admit that Laura Norton was employed by the Department as its Chief of Personnel.  Defendants deny that Norton made any decision with regard to Plaintiff's employment, but rather, was complying with the Arbitrator's binding arbitration award which found that Plaintiff had been improperly awarded the sergeant position and that the position had to be awarded to more senior correctional officers. Defendants further state that capacity in which the Defendants are being sued are statements of law to which no response is required.

7.      Defendants admit that Paul Campbell was employed as Director of the Illinois Department of Central Management Services.  Defendants deny that Campbell made any decision with regard to Plaintiff's employment, but rather, was complying with the Arbitrator's binding arbitration award which found that Plaintiff had been improperly awarded the sergeant position and that the position had to be awarded to more senior correctional officers.  Defendants further state that capacity in which the Defendants are being sued are statements of law to which no response is required.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.      Defendants admit that the sergeant position held by Plaintiff is covered by the provisions of the collective bargaining agreement and the personnel code and rules to the extent such code and rules do not conflict with or otherwise alter the terms of the collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective

bargaining contract between a public employer and a labor organization executed pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules or regulations relating to wages, hours, conditions of employment and employment relations." Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

11.    Defendants admit that Plaintiff was certified under the Collective Bargaining Agreement and the Personnel Code and Rules.

12.    Defendants admit that the sergeant position was governed by the terms of the collective bargaining agreement. Defendants further admit that after Plaintiff was promoted to the position of Sergeant, Plaintiff's union, filed a grievance challenging the promotional examination scoring done at Hill Correctional Center; that the grievance was ultimately submitted to binding arbitration, at which arbitration, Plaintiff's union was present and represented the rights of its union members, including Plaintiff; and that the Arbitrator decided that Plaintiff's position had to be offered to other correctional officers more senior to Plaintiff. Defendants deny any remaining allegations contained in paragraph 12 of the Complaint.

13.    Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing. Alternatively, Defendants state that Defendant failed to avail himself of post-deprivation procedures available to him.

14.    Defendants admit the allegations contained in paragraph 14 of the

-4-

Complaint.

15.    Defendants admit that the Union is the sole and exclusive bargaining representative in all matters relating to the conditions of employment for employees who are members of the Union; that Plaintiff is a member of the Union; that the Union was a party to the arbitration; and that Plaintiff's rights were represented by the Union at the arbitration proceeding.  Defendants deny any remaining allegations contained in paragraph 15 of the Complaint.

16.    Defendants admit that on August 15, 2005, a decision was rendered by the Arbitrator and that the Arbitrator concluded that Plaintiff's score for experience should be reduced given a lack of any documentation for Departmental Training. Defendants further affirmatively state that the Arbitrator reduced Plaintiff's score by three points.  Defendants deny any remaining allegations contained in paragraph 16 of the Amended Complaint.

17.    Defendants admit that pursuant to the Arbitrator's award, the reduction in Plaintiff's score by the Arbitrator brought Plaintiff's score within ten points of the score of other applicants who were more senior than he.  Defendants affirmatively state that the Arbitrator reduced Plaintiff's award by three points.  Defendants deny any remaining allegations contained in paragraph 17 of the Complaint.

18.    Defendants admit that the Arbitrator's binding award which was rendered pursuant to the terms of the Collective Bargaining Agreement required that Officer Hall, an officer more senior to Plaintiff, be offered the sergeant's promotion originally awarded to Plaintiff.

19.    Defendants admit that Plaintiff's union represented the rights of

its Union members at the arbitration, including Plaintiff's.  Defendants deny that there

was no evidence provided as to the score that Plaintiff received on the promotional

examination.  Defendants deny or either have insufficient knowledge as to the

remaining allegations and therefore deny the same at this time.

20.     Defendants admit that pursuant to the Arbitrator's award, the Department

was required to offer the position awarded to Plaintiff to Officer Hill.  Defendants deny

any remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that the Arbitrator's determined that Plaintiff had been

improperly awarded the sergeant's position and that the award required that Plaintiff's

sergeant position be offered to Officer Hill.  Defendants deny knowledge of any other

cases in which an Arbitrator determined that an employee had been improperly

awarded a position and then required that the same position be given another

employee.  Defendants deny any remaining allegations contained in paragraph 21 of

the Complaint.

22.     Defendants admit the allegations contained in paragraph 22 of the

Amended Complaint.

23.     Defendants deny that it was their decision to demote the Plaintiff but

rather, that they were required to do so by the Arbitrator's binding award.  Defendants

have insufficient knowledge any reduction in Plaintiff's salary and therefore deny the

same at this time.

24.     Defendants deny the allegations contained in paragraph 24 of the

Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the

Complaint.

## <u>COUNT I</u>

_____1-25.   Defendants reallege and incorporate by reference their answers to paragraphs 1-25 as and for their answers to paragraphs 1-25 of Count I.

26.    Defendants admit that Shaw was the Warden of Hill Correctional Center from August 2005 to August 2006.  Shaw admits that one of his duties as Warden of Hill Correctional Center is to make decisions and recommendations as to personnel matters for employees of Hill Correctional Center.  Shaw denies that he made decisions relating to demotions.  Shaw further denies that he made an employment decision with regard to Plaintiff, but rather, was following the decision made by the Arbitrator.

27.    Defendants admit that in carrying out the Arbitrator's award as was required by the Collective Bargaining Agreement, Shaw was acting in his capacity as Warden of Hill Correctional Center and thus under color of law.  Defendants deny any remaining allegations contained in paragraph 27 of the Complaint.

28.    Defendants admit that the sergeant position held by Plaintiff is covered by the provisions of the collective bargaining agreement and the personnel code and rules to the extent such code and rules do not conflict with or otherwise alter the terms of the collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective bargaining contract between a public employer and a labor organization executed pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules or regulations relating to wages, hours, conditions of employment and employment relations."  Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively state that pursuant to the terms of the Collective Bargaining Agreement his conditions of employment could be altered as a result of a grievance or arbitration process as contained in the Collective Bargaining Agreement as is set forth in 5 ILCS 315/15(b).

30.     Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing.  Alternatively, Defendants state that Defendant failed to avail himself of pre and post-deprivation procedures available to him.

31.     Defendants deny that Shaw made any decision as to whether to demote Plaintiff, but rather, was complying with the binding arbitration decision which required the Department to offer Plaintiff's position to Officer Hill.  Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 32 of the Complaint.  Alternatively, Defendants state that Plaintiff failed to avail himself of post-deprivation due process available to him.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants have insufficient knowledge as to the allegations contained in

-8-

paragraph 35 of the Complaint and therefore deny the same at this time.

36.     Defendants deny the allegations contained in paragraph 36 of the

Complaint.

## COUNT II

_____1-25.  Defendants reallege and incorporate by reference their answers to

paragraphs 1-25 as and for their answers to paragraphs 1-25 of Count II.

26.     Defendants admit that Walker was and still is the director of the

Department.  Defendants admit that Walker was and is responsible for making

decisions and recommendations with regard to personnel matter.  Walker denies that

he makes decisions relating to the demotion of employees who are members of the

union.  Walker further denies that he made an employment decision with regard to

Plaintiff, but rather, was following the decision made by the Arbitrator.

27.     Defendants admit that in carrying out the Arbitrator's award as was

required by the Collective Bargaining Agreement, Walker was acting in his capacity as

Director and thus under color of law.  Defendants deny any remaining allegations

contained in paragraph 27 of the Complaint.

28.     Defendants admit that the sergeant position held by Plaintiff is covered by

the provisions of the collective bargaining agreement and the personnel code and rules

to the extent such code and rules do not conflict with or otherwise alter the terms of the

collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective

bargaining contract between a public employer and a labor organization executed

pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules

or regulations relating to wages, hours, conditions of employment and employment

relations."  Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively state that pursuant to the terms of the Collective Bargaining Agreement his conditions of employment could be altered as a result of a grievance or arbitration process as contained in the Collective Bargaining Agreement as is set forth in 5 ILCS 315/15(b).

30.     Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing.  Alternatively, Defendants state that Defendant failed to avail himself of pre and post-deprivation procedures available to him. .

31.     Defendants deny that Walker made any decision as to whether to demote Plaintiff, but rather, was complying with the binding arbitration decision which required the Department to offer Plaintiff's position to Officer Hill.  Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 32 of the Complaint.  Alternatively, Defendants state that Plaintiff failed to avail himself of post-deprivation due process procedures available to him.

34.     Defendants deny the allegations contained in paragraph 34 of the

-10-

Complaint.

35.    Defendants have insufficient knowledge as to the allegations contained in paragraph 35 of the Complaint and therefore deny the same at this time.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

## COUNT III

1-25.   Defendants reallege and incorporate by reference their answers to paragraphs 1-25 as and for their answers to paragraphs 1-25 of Count III.

26.    Defendants admit that Hurt was a deputy director of the Department. Defendants admit that Hurt was responsible for making decisions and recommendations with regard to personnel matters.  Hurt denies that she makes decisions relating to the demotions.  Hurt further denies that she made an employment decision with regard to Plaintiff, but rather, was complying with the decision made by the Arbitrator.

27.    Defendants admit that in carrying out the Arbitrator's award as was required by the Collective Bargaining Agreement, Hurt was acting in her capacity as Deputy Director of the Department and thus under color of law.  Defendants deny any remaining allegations contained in paragraph 27 of the Complaint.

28.    Defendants admit that the sergeant position held by Plaintiff is covered by the provisions of the collective bargaining agreement and the personnel code and rules to the extent such code and rules do not conflict with or otherwise alter the terms of the collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective bargaining contract between a public employer and a labor organization executed

pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules or regulations relating to wages, hours, conditions of employment and employment relations." Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

29.    Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively state that pursuant to the terms of the Collective Bargaining Agreement his conditions of employment could be altered as a result of a grievance or arbitration process as contained in the Collective Bargaining Agreement as is set forth in 5 ILCS 315/15(b).

30.    Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing. Alternatively, Defendants state that Defendant failed to avail himself of pre and post-deprivation procedures available to him.

31.    Defendants deny that Hurt made any decision as to whether to demote Plaintiff, but rather, was complying with the binding arbitration decision which required the Department to offer Plaintiff's position to Officer Hill. Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 32 of the

Complaint.  Alternatively, Defendants state that Plaintiff failed to avail himself of post-deprivation due process procedures available to him.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants have insufficient knowledge as to the allegations contained in paragraph 35 of the Complaint and therefore deny the same at this time.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

## COUNT IV

1-25.   Defendants reallege and incorporate by reference their answers to paragraphs 1-25 as and for their answers to paragraphs 1-25 of Count IV.

26.     Defendants admit that Bard was the Chief of Labor Relations of the Department.  Defendants admit that Bard was responsible for making decisions and recommendations with regard to personnel matters including demotions.  Bard further denies that he made an employment decision with regard to Plaintiff, but rather, was complying with the decision made by the Arbitrator.

27.     Defendants admit that in carrying out the Arbitrator's award as was required by the Collective Bargaining Agreement, Bard was acting in his capacity as Chief of Labor Relations and thus under color of law.  Defendants deny any remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit that the sergeant position held by Plaintiff is covered by the provisions of the collective bargaining agreement and the personnel code and rules to the extent such code and rules do not conflict with or otherwise alter the terms of the

-13-

collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective bargaining contract between a public employer and a labor organization executed pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules or regulations relating to wages, hours, conditions of employment and employment relations."  Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively state that pursuant to the terms of the Collective Bargaining Agreement his conditions of employment could be altered as a result of a grievance or arbitration process as contained in the Collective Bargaining Agreement as is set forth in 5 ILCS 315/15(b).

30.     Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing.  Alternatively, Defendants state that Defendant failed to avail himself of pre and post-deprivation procedures available to him.

31.     Defendants deny that Bard made any decision as to whether to demote Plaintiff, but rather, was complying with the binding arbitration decision which required the Department to offer Plaintiff's position to Officer Hill.  Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 32 of the Complaint.  Alternatively, Defendants state that Plaintiff failed to avail himself of post-deprivation due process procedures available to him.

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    Defendants have insufficient knowledge as to the allegations contained in paragraph 35 of the Complaint and therefore deny the same at this time.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

## COUNT V

1-25.   Defendants reallege and incorporate by reference their answers to paragraphs 1-25 as and for their answers to paragraphs 1-25 of Count V.

26.    Defendants admit that Norton was the Chief Personnel Officer of the Department.  Defendants admit that Norton was responsible for making decisions and recommendations with regard to personnel matters.  Defendants deny that Norton was responsible for making decisions about the demotion of employees who were members of the union.  Norton further denies that she made an employment decision with regard to Plaintiff, but rather, was complying with the decision made by the Arbitrator.

27.    Defendants admit that in carrying out the Arbitrator's award as was required by the Collective Bargaining Agreement, Norton was acting in her capacity as Chief of Personnel and thus under color of law.  Defendants deny any remaining allegations contained in paragraph 27 of the Complaint.

28.    Defendants admit that the sergeant position held by Plaintiff is covered by

the provisions of the collective bargaining agreement and the personnel code and rules to the extent such code and rules do not conflict with or otherwise alter the terms of the collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective bargaining contract between a public employer and a labor organization executed pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules or regulations relating to wages, hours, conditions of employment and employment relations."  Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

29.    Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively state that pursuant to the terms of the Collective Bargaining Agreement his conditions of employment could be altered as a result of a grievance or arbitration process as contained in the Collective Bargaining Agreement as is set forth in 5 ILCS 315/15(b).

30.    Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing.  Alternatively, Defendants state that Defendant failed to avail himself of pre and post-deprivation procedures available to him.

31.    Defendants deny that Norton made any decision as to whether to demote Plaintiff, but rather, was complying with the binding arbitration decision which required the Department to offer Plaintiff's position to Officer Hill.  Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 32 of the Complaint.  Alternatively, Defendants state that Plaintiff failed to avail himself of post-deprivation due process procedures available to him.

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    Defendants have insufficient knowledge as to the allegations contained in paragraph 35 of the Complaint and therefore deny the same at this time.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

<u>**COUNT VI**</u>

1-25.   Defendants reallege and incorporate by reference their answers to paragraphs 1-25 as and for their answers to paragraphs 1-25 of Count VI.

26.    Defendants admit that Campbell was the Director of CMS.  Defendants admit that Campbell was responsible for making decisions and recommendations with regard to personnel matters including demotions.  Campbell further denies that he made an employment decision with regard to Plaintiff, but rather, was complying with the decision made by the Arbitrator.

27.    Defendants admit that in carrying out the Arbitrator's award as was required by the Collective Bargaining Agreement, Campbell was acting in his capacity as Director of CMS and thus under color of law.  Defendants deny any remaining allegations contained in paragraph 27 of the Complaint.

-17-

28.    Defendants admit that the sergeant position held by Plaintiff is covered by the provisions of the collective bargaining agreement and the personnel code and rules to the extent such code and rules do not conflict with or otherwise alter the terms of the collective bargaining agreement.  5 ILCS 315/15(b), provides: "... any collective bargaining contract between a public employer and a labor organization executed pursuant to this Act shall supercede any contrary statutes, charters, ordinances, rules or regulations relating to wages, hours, conditions of employment and employment relations."  Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

29.    Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively state that pursuant to the terms of the Collective Bargaining Agreement his conditions of employment could be altered as a result of a grievance or arbitration process as contained in the Collective Bargaining Agreement as is set forth in 5 ILCS 315/15(b).

30.    Defendants admit that Plaintiff's position was subject to the terms of the Collective Bargaining Agreement and to the Personnel Code and Rules to the extent that such laws and rules are not contrary to the Collective Bargaining Agreement. Defendants deny that Plaintiff was not provided with a pre-deprivation or post-deprivation hearing.  Alternatively, Defendants state that Defendant failed to avail himself of pre and post-deprivation procedures available to him.

31.    Defendants deny that Campbell made any decision as to whether to

demote Plaintiff, but rather, was complying with the binding arbitration decision which required the Department to offer Plaintiff's position to Officer Hill.  Defendants deny any remaining allegations contained in paragraph 32 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 32 of the Complaint.  Alternatively, Defendants state that Plaintiff failed to avail himself of post-deprivation due process procedures available to him.

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    Defendants have insufficient knowledge as to the allegations contained in paragraph 35 of the Complaint and therefore deny the same at this time.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    All or part of Plaintiff's claim is barred by sovereign immunity.

2.    The Defendants are entitled to the protections of qualified immunity.

3.    Defendants were complying with the Arbitrator's binding arbitration award.

4.    The Court does not have jurisdiction to overturn the arbitration award.

5.    Plaintiff failed to timely bring his claim.

6.    Plaintiff failed to avail himself of available pre and post-deprivation procedures available to him.

Respectfully submitted,

FRANK L SHAW, ROGER E. WALKER, JR., BARBARA HURT, RICHARD BARD, LAURA NORTON and PAUL CAMPBELL,

Defendant,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendant,

By:   s/ Amy D. Gerloff                          
    Amy D. Gerloff
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 785-4555
    Facsimile:   (217) 524-5091
    E-Mail:  agerloff@atg.state.il.us
    Attorney Bar #: 6283925

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| TRAVIS W. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  07-1253 |
| | ) | |
| FRANK L. SHAW, ROGER E. WALKER, JR., | ) | |
| BARBARA HURT, RICHARD BARD, | ) | |
| LAURA NORTON and PAUL CAMPBELL | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, I electronically filed Defendants' Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James P. Baker
Brendabakerlaw@sbcglobal.net

and I hereby certify that on July 16, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

None.

Respectfully submitted,

By: s/Amy D. Gerloff_____
Amy D. Gerloff, 6283925
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, IL  62706
(217) 785-4555
Fax: (217) 785-4555
agerloff@atg.state.il.us

-21-